[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married on July 9, 1988, at Waterbury, Connecticut. Both parties have resided in the State of Connecticut for at least twelve months preceding the date of the filing of the complaint. There is one minor child issue of this marriage, to wit: Brandon Taylor, born June 12, 1987.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
A principal issue before the court involves the custody of the minor child. The plaintiff husband seeks sole custody. The defendant wife also seeks sole custody but would be agreeable to joint custody provided the principal place of residence of the child was with her. The attorney for the minor child advocates joint custody and the principal residence of the child with the plaintiff husband.
Sometime prior to the spring of 1988, the defendant wife's mother suffered a stroke and came to live with the parties. In the spring of 1988 there was an incident where the defendant wife's mother, who had returned from physical therapy, was left unattended outside of the home of the parties for some five hours. Each party blames the other for this unfortunate occurrence. The CT Page 2568 defendant wife, however, was so upset that that evening she attempted to take her life by an overdose of pills. About this time she also indicates that she was seeing and hearing things and was basically depressed. She subsequently spent about one month in the psychiatric unit of a local hospital. Thereafter she underwent outpatient therapy, and was out of work for approximately three months. No admissible medical evidence was produced in regard to the defendant wife's current mental condition.
In November of 1989, the parties attended a party at the home of the plaintiff husband's parents. After the party, at about 6:15 A.M., the parties returned home. The parties began to argue, and while they differ as to the basis for the argument and their conduct towards each other, there is no question that the incident culminated when the defendant wife shot the plaintiff husband in the chest with a small caliber handgun. The minor child was not home at the time. The plaintiff husband was able to drive himself to the hospital where he remained for twenty-one days and was thereafter out of work for six months. The parties have been separated since this shooting incident. There are criminal charges pending against the defendant wife as a result of this shooting, the outcome of which is unknown at this time.
The plaintiff husband currently lives with his parents in their four-bedroom home in Waterbury. One bedroom is available for the minor child.
The plaintiff wife also lives in Waterbury in the former family residence.
The plaintiff husband has extended family in the Waterbury area consisting mainly of his mother and father, his two sisters, several cousins, nieces, nephews, aunts and uncles. The defendant wife's family is mostly in South Carolina, except for an aunt and uncle who live in the Waterbury area.
The plaintiff husband has three sons of a prior relationship with a woman to whom he was never married. The boys are aged 10, 8 and 6, live with their mother and visit with their father about three times per week. All three boys get along very well with the minor child issue of this marriage.
The plaintiff husband is currently employed as a guard at a Connecticut correctional institute. The defendant wife is a window clerk at the U.S. Post Office.
There was no study conducted by the Family Relations Division. The matter was originally referred to the Family Relations Division for such a study, but the court (Harrigan, J.) CT Page 2569 granted the plaintiff husband's motion to revoke the reference.
Based on all of the above, a careful study of all of the evidence presented to the court, and considering the best interests of the minor child, the following order shall enter:
Sole custody of the minor child is awarded to the plaintiff husband. The defendant wife shall have reasonable and liberal rights of visitation. If the parties are unable to agree on such visitation, the matter will be, and hereby is, referred to the Family Relations Division of this court for mediation. If the mediation is unsuccessful, then the parties may return to this court for a determination of the issue.
In addition, the court has taken into consideration all of the criteria of 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes, and further orders as follows:
1. The defendant wife shall pay to the plaintiff husband the sum of $75.00 per week for the support of the minor child until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding. The amount of child support hereby ordered is somewhat less than that provided for in the child support guidelines. The court anticipates that the defendant wife will spend considerable time with, caring for, and providing for the minor child and therefore a strict application of such guidelines would be inequitable and/or inappropriate.
2. Neither party shall pay periodic alimony to the other.
3. The plaintiff husband shall continue to maintain his presently existing health insurance for the benefit of the minor child. In addition, all uninsured medical and dental expenses incurred on behalf of the minor child shall be paid equally by the plaintiff husband and the defendant wife; provided, however, that except in the case of an emergency no such expense for which the defendant wife might be liable shall be incurred without her prior consent, which consent shall not be unreasonably withheld. This order shall be subject to 46b-84 (c) of the Connecticut General Statutes.
4. All personal property presently in the possession of each party shall remain their sole and exclusive property, except if the plaintiff husband has any of the defendant wife's jewelry in his possession, he shall forthwith return the same to her.
5. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court and dated October 1, 1990, shall be the sole CT Page 2570 obligation of the party upon whose affidavit said liability appears, and they shall indemnify and hold the other party harmless therefrom.
6. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court and dated October 1, 1990, shall be the sole and exclusive property of the party upon whose affidavit such property appears.
7. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE.